IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01596-MSK-MEH

PATRICIA RAMIREZ,

    Plaintiff,

vs.

DENVER HEALTH MEDICAL CENTER,
ENRIQUE LUJAN, and
JUANITA JOHNSON,

    Defendants.

## ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion for Leave to Extend Time and Motion for Court to Consider Appointment of Counsel, file-stamped by the office of the Clerk on March 13, 2006, but not docketed into the record until March 27, 2006 (Docket #24).

    With regard to the Plaintiff's request for extension of time, the request appears to be in connection with the Defendants' Motion to Dismiss which was filed on November 18, 2005. However, the motion gives no suggestion of how much time the Plaintiff is requesting. Rule 7(b)(1) Fed.R.Civ.P. requires that all requests or motions must state "with particularity" the grounds for relief being sought and the relief being requested. Rule 7 is designed to give the Court notice of the grounds and prayer of a motion, and to provide the Court with enough information to process the motion correctly. *See Registration Control Systems, Inc. v. Compusystems, Inc.*, 922 F.2d 805, 808 (Fed. Cir. 1990). Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other

litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

While the Plaintiff's request for additional time in which to file her response to the dispositive motion is not taken lightly by this Court, the Court must also remain cognizant of the Defendants' right to a prompt resolution of the motion. The Motion to Dismiss has been pending for approximately four months and was virtually ignored by the Plaintiff until recent case management proceedings in this Court. Accordingly, the deadline for response of April 6, 2006, set by the Court in its Order to Show Cause issued March 27, 2006 (Docket #25) shall remain.

Finally, with regard to the portion of the motion concerning appointment of counsel, the motion states, "[a]nother motion is being filed with the Court for the Court to consider appointment of counsel to represent Plaintiff in this matter" (Docket #24). At the initial Scheduling Conference held in this matter on February 23, 2006, the Plaintiff had indicated that she would be filing a request for appointment of counsel (Docket #16). Again at continued proceedings on March 13, 2006, the Plaintiff made the same representation. However, it does not appear that a separate motion in this regard has ever been filed. The motion that is on file at Docket #24 fails to supply any grounds upon which the Court can consider the Plaintiff's request[1] and specifically gives no indication of Plaintiff's efforts to find counsel on her own, which is a factor the Court will take into consideration in this regard.

---

[1] The Court must consider several factors in deciding whether to seek volunteer counsel: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present her claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty communicating. *See Rucks*, 57 F.3d at 979.

The Plaintiff is cautioned in this regard that the Court does not have the power to appoint an attorney over his or her objection, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Absent the power to appoint counsel to a case, the Court can only seek volunteer counsel to represent a plaintiff such as this Plaintiff. The Clerk of the Court maintains a list of *pro se* cases for which the Court is seeking volunteer counsel.

Even if the Court were to place the Plaintiff's name on the list for volunteer counsel, there is no guarantee that an attorney would volunteer to take this case and therefore, the Court generally does not stay any cases that are pending on the volunteer list. The Plaintiff would remain responsible for diligently prosecuting the claims she has brought against the Defendants in this Court, even if her name is pending on the volunteer counsel list. If the Plaintiff desires that she be considered for volunteer counsel, then she may file an appropriate motion which makes that request and provides the necessary information for the Court to consider in this regard.

Accordingly, based on the foregoing and the entire record herein, it is hereby ORDERED that the Motion for Leave to Extend Time and Motion For Court to Consider Appointment of Counsel to Represent Plaintiff [Filed March 13, 2006; Docketed March 27, 2006 @ Docket #24] is **denied**.

Dated at Denver, Colorado, this 28th day of March, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge