IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01596-MSK-MEH

PATRICIA RAMIREZ,

    Plaintiff,

vs.

DENVER HEALTH MEDICAL CENTER,
ENRIQUE LUJAN, and
JUANITA JOHNSON,

    Defendants.

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is the Motion to Dismiss filed by Defendants Denver Health Medical Center and Enrique Lujan, filed on November 18, 2005, and the Court's Order to Show Cause, issued on March 27, 2006. Based upon the record herein, it is **recommended** that this lawsuit be dismissed, with prejudice, against Defendants Denver Health Medical Center and Enrique Lujan. It is also **recommended** that this lawsuit be dismissed, without prejudice, against Defendant Juanita Johnson based upon lack of service of process.

All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo

determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

On August 26, 2005, the Plaintiff, acting *pro se*, filed an amended Title VII Complaint ("Amended Complaint") which alleges employment discrimination on the bases of race, sex, and age (Docket #4). Plaintiff also asserts jurisdiction pursuant to the Americans with Disabilities Act, although she does not allege that she was discriminated against because of any disability. Plaintiff alleges that she was discriminated against because she was fired from her job and denied unemployment benefits. Plaintiff has been allowed to proceed *in forma pauperis* in this action, with service of process being undertaken by the United States Marshal (Docket #8).

On September 30, 2005, a Waiver of Service was returned executed on behalf of Defendant Denver Health Medical Center (Docket #9). On October 6, 2005, a Waiver of Service was returned executed on behalf of Defendant Enrique Lujan (Docket #10), but service of process on behalf of Defendant Juanita Johnson has been unsuccessful because she cannot be located (Docket #11).

On November 18, 2005, counsel on behalf of Defendants Denver Health Medical Center and Enrique Lujan filed a Motion to Dismiss the Plaintiff's Amended Complaint, arguing that the Amended Complaint is time-barred or, in the alternative, that (1) Plaintiff's claim of race discrimination fails to comply with administrative requirements, (2) Plaintiff's ADEA claim is barred

under Eleventh Amendment immunity, (3) Plaintiff's first claim fails to comply with Fed. R. Civ. P. 8, (4) Plaintiff's claims based on acts not alleged in her EEOC charge are barred in this lawsuit, (5) Plaintiff's second claim for unemployment compensation benefits fail as a matter of law, and (6) Plaintiff's claims against the individual defendants fail as a matter of law (Docket #14). To date, the Plaintiff has not responded to the Motion to Dismiss and has not requested an extension of time in which to do so.

During the initial Scheduling Conference in this case, held on February 23, 2006, the Plaintiff was informed by the Court of her obligations with regard to this case, to include the pending Motion to Dismiss (Docket #16). The Plaintiff indicated that she would be seeking appointment of counsel from the Court (Docket #16). However, to date, no motion or request for counsel has been filed in the office of the Clerk by the Plaintiff in this regard. Plaintiff's obligations with regard to this case were again discussed at the continuation of the Scheduling Conference held on March 13, 2006 (Docket #19). On March 13, 2006, the Motion to Dismiss was referred to me for purposes of making recommendation to the District Judge on how the matter should be resolved (Docket #20). The motion was again specifically referred to me on March 31, 2006 (Docket #29).

On March 27, 2006, an Order to Show Cause was issued to the Plaintiff, directing her to show cause by April 6, 2006, as to why Defendant Johnson should not be dismissed from the lawsuit and as to why the Motion to Dismiss should not be granted. On March 31, 2006, Plaintiff and Defendants Denver Health Medical Center and Enrique Lujan filed a Stipulation for Dismissal with Prejudice with regard to Plaintiff's claims against these two Defendants (Docket #28). As of this date, the Plaintiff has not responded to the Order to Show Cause, nor requested an extension of time in which to do so, with regard to Defendant Johnson.

## DISCUSSION

**I.     Defendants Denver Health Medical Center and Enrique Lujan's Motion to Dismiss.**

Pursuant to Fed. R. Civ. P. 41(a)(1), Plaintiff has stipulated to voluntarily dismiss her claims against Defendants Denver Health Medical Center and Enrique Lujan. The Stipulation provides that the dismissal is with prejudice, and also provides that the parties will bear their own costs and attorneys fees in this regard. Based upon the parties' stipulation and agreement, I recommend that Defendants' Motion to Dismiss be denied as moot.

**II.    Defendant Juanita Johnson**.

Despite Plaintiff's *in forma pauperis* status, she must supply the information necessary to identify the defendants to be served. *See generally Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 483-84 (1995); *Self v. Fresenius Medical Care*, 84 Fed. Appx. 54, 56 (10th Cir. Dec. 18, 2003). It is neither the role nor the responsibility of the Court, or the U.S. Marshals Service, to investigate the whereabouts or to locate parties to a lawsuit. To do so would improperly place a court in the role of a plaintiff's advocate. *Cf. Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (the court should not assume the role of advocate for a pro se litigant). Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence.

The Court may dismiss a claim or claims against a defendant based on the failure of a plaintiff to prosecute or otherwise comply with the rules of procedure or an order of the Court. *See* FED.R.CIV.P. 41(b). Plaintiff has failed to supply the Court with the information necessary to effect service upon Defendant Juanita Johnson, as directed by the Order To Show Cause. Therefore, dismissal of Defendant Johnson from this action is warranted, and this Court so recommends.


-5-

## CONCLUSION

Based on the foregoing, and the entire record herein, I do hereby **recommend** dismissal of this action in its entirety as follows:

1. Defendants Denver Health Medical Center and Enrique Lujan's Motion to Dismiss [Filed November 18, 2005; Docket #14] be **denied** as moot, based upon the Stipulation for Dismissal filed on March 31, 2006 (Docket #28).

2. That all of Plaintiff's claims in this action made against Defendant Juanita Johnson be dismissed without prejudice, for failure of the Plaintiff to prosecute those claims.

Dated at Denver, Colorado, this 17th day of April, 2006.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge